**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **GRAND TIME CORPORATION,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:08-CV-1770-K** |
| | § | |
| **WATCH FACTORY, INC., et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's *Order of Reference*, filed October 15, 2009, *Counter Defendant Grand Time Corporation's Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), or Alternative, Motion For More Definite Statement Pursuant to Fed. R. Civ. P. 12(e)* (doc. 24), filed September 20, 2009, has been referred for findings and recommendation. Based on the relevant filings and applicable law, the motion to dismiss and the alternate motion for a more definite statement should be **DENIED**.

## I.  BACKGROUND

In late 2008, Plaintiff Grand Time Corp. ("GTC") filed this lawsuit against Watch Factory Inc. ("WFI"), Time Factory Inc. ("TFI"), and NAZ, Inc. ("NAZ") (collectively "Defendants") for trademark infringement and related causes of action. Plaintiff claimed that it owned multiple marks for "Just Bling," the stylistic design, and numerous related internet domain names, and that Defendants had been selling products bearing the marks without authorization. GTC claimed that Defendants had purposefully caused confusion in the marketplace, intentionally and fraudulently held out their goods to be products of GTC, and tortiously interfered with GTC's ability to consummate sales with customers attempting to buy its products.

On September 14, 2009, WFI filed a counterclaim against GTC and asserted two causes of action for unfair competition and a claim for misappropriation of trade secrets, without specifying their origin as either state or federal law, or statutory or common law.  WFI also asserted a cause of action for breach of contract.  WFI claimed that it was the first and true owner of the "Just Bling"name and marketing concept and  that it had invested the time and financial resources to come up with the "Just Bling" slogan and was the first to place it into interstate commerce.  WFI alleged that through business transactions with WFI, GTC appropriated the name, the idea, the concept and the marketing strategy of "Just Bling" and unlawfully trademarked the slogan as its own.

On September 20, 2009, GTC moved to dismiss WFI's causes of action for unfair competition and misappropriation of trade secrets under Fed. R. Civ. P. 12(b)(6).  Alternatively, it moved for a more definite statement pursuant to Fed. R. Civ. P. 12(e).  The parties filed a response and reply within the applicable deadlines, and the motion is now ripe for consideration.  (Mot. at 7.)

## II.  12(b)(6) MOTION TO DISMISS

GTC moves to dismiss WFI's causes of action for unfair competition and misappropriation of trade secrets under Rule 12(b)(6) for failure to state a claim.  (Mot. at 1-7).

Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted.  *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981).  Under the 12(b)(6) standard, a court cannot look beyond the pleadings.  *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  The pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal.  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *Baker*, 75 F.3d at 196.  "[A] well-pleaded complaint may proceed even if it strikes a savvy

2

judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp.v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted).

### A.   <u>Unfair Competition</u>

GTC first contends that WFI's failure to allege any facts in support of its unfair competition claims should result in dismissal of those claims. (Mot. at 7). Unfair competition claims arise pursuant to both state and federal law. A plaintiff can bring a federal unfair competition claim under § 43(a) of the Lanham Act. 15 U.S.C. § 1125; *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 28-29 (2003). To state such a claim, a plaintiff must allege that he had valid ownership of a mark, and that defendant's use of the mark in commerce creates a likelihood of confusion as to the origin, sponsorship, or affiliation of his goods. *Lonestar Steakhouse & Saloon, Inc. v. Longhorn*

*Steaks, Inc.*, 106 F.3d 355, 358 (11th Cir. 1997); *Group, Inc. v. Balser Wealth Management*, 2007

WL 1111239, at *2 (S.D. Cal. April 10, 2007) (citing *Comedy III Prod. Inc. v. New Line Cinema*,

200 F.3d 593, 594 (9th Cir. 2000)); *Knights Armament Co. v. Optical Systems Technology*, 568

F.supp.2d 1369, 1375 (M.D. Fla. 2008).  To establish valid ownership, a plaintiff must show that

he had superior rights to use the mark in question – that he was not only the first to invent or register

the mark but also the first to actually use the mark in commerce.  *Board of Supervisors for La. State*

*Univ. Agricultural & Mechanical College v. Smack Apparel Co.*, 550 F.3d 465, 475 (5th Cir. 2008);

*ITC Ltd. v. Punchgini, Inc.*, 482 F.3d 135, 154 (2d Cir. 2007); *P Daussa Corp. v. Sutton Cosmetics*

*(P.R.) Inc.*, 462 F.2d 134, 136 (2d Cir. 1972).

A plaintiff can also bring an unfair competition claim pursuant to state law.  Under Texas

law,[1] unfair competition "is the umbrella for all statutory and nonstatutory causes of action arising

out of business conduct which is contrary to honest practice in industrial or commercial matters."

*Taylor Pub. Co. v. Jostens*, 216 F.3d 465,486 (5th Cir. 2000) (citations and internal quotations

omitted).  To recover on this tort, a plaintiff must show an illegal act by the defendant which

interfered with the plaintiff's ability to conduct his business.  *Id.*  The illegal act must constitute at

least an independent tort if not a violation of criminal law.  *Id.*

Even though WFI does not specify the origin of its causes of action for unfair competition,

it has stated an unfair competition claim under federal law by pleading facts to support its claim that

it owned the "Just Bling" mark and that GTC's use of the mark is likely to cause confusion.[2]  As to

---

[1] Both GTC and WFI agree that Texas substantive law is applicable in this case.

[2] *See Haddock v. Bd. of Dental Exam'rs of Cal.*, 777 F.2d 462, 464 (9th Cir. 1985) ("a complaint should not be dismissed if it states a claim under any legal theory even if the plaintiff relies on a different legal theory"); *See also McCalden v. Cal. Library Ass'n*, 955 F.2d 1214, 1223 (9th Cir. 1990) (in order to state a claim, a plaintiff is not required to state its statutory or constitutional basis).

ownership, WFI has alleged that it designed, created, and first placed into interstate commerce a watch bearing the name "Just Bling."[3]  (Compl. at 3, ¶ 8).  Regarding confusion, WFI has alleged that GTC passed off "Just Bling" watches as its own to WFI's detriment.  (Compl. at 3, ¶ 11).

WFI has also stated a claim for unfair competition under Texas law; it has pled facts in support of its allegation that GTC acted illegally and that its illegal conduct interfered with WFI's ability to conduct business.  Concerning the illegal act, WFI has alleged that GTC used business transactions with WFI to appropriate the "Just Bling" name and marketing strategy, which WFI created by expending its inventiveness, time, and resources.[4]  (Compl. at ¶ 6).  As to interference with its business ability, WFI has alleged that GTC's illegal conduct infringed its rights and caused it to suffer damages.  *Id.*

GTC next contends that WFI's failure to claim any federal or common law trademark infringement should result in dismissal of its unfair competition claims.  (Mot. at 7).  "While much of the Lanham Act addresses the registration, use, and infringement of trademarks and related marks. . .§ 43(a) goes beyond trademark protection" to prohibit certain unfair trade practices characterized as unfair competition.  *See Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 28-29 (2003).  Therefore, WFI need not claim trademark infringement in order to state an unfair competition claim. *Id.*

GTC also contends that the federal Trademark Act preempts WFI's state law claim for unfair

---

[3] GTC asserts that WFI should have sought a declaratory action to declare itself the owner of the "Just Bling" Mark.  (Mot. at 7).  GTC does not cite, and the Court does not find, any legal authority supporting this assertion.

[4] These factual allegations are sufficient to satisfy the elements of misappropriation.  Unfair competition by misappropriation is recognized under Texas law and "involves the appropriation and use by the defendant, in competition with the plaintiff, of a unique pecuniary interest created by the plaintiff through the expenditure of labor, skill, and money."  *See U.S. Supporting Prods. Inc. v. Johnny Stewart Game Calls, Inc.*, 865 S.W.2d 214, 217-18 (Tex. App.–Waco 1993, writ denied) (citations omitted).

competition because the federal and state claims for unfair competition are based on the same alleged conduct.  (Mot. at 3).  GTC relies on *North Dakota v. Merchants National Bank and Trust Company*, 634 F.2d 368 (8th Cir. 1980) for this proposition.  In *North Dakota*, however, federal law preempted state law because of a conflict between the two, not because the state and federal causes of action were based on the same alleged conduct.  *Id.*

**B.**     **Misappropriation of Trade Secrets**

GTC moves to dismiss WFI's claim for trade secret misappropriation on the grounds that no trade secret existed in this case.  (Mot. at 7).

Under Texas law,[5] a plaintiff claiming trade secret misappropriation bears the burden of establishing that: (1) a trade secret existed, (2) the trade secret was acquired through breach of a confidential relationship or was discovered by improper means, (3) the defendant used the trade secret without the plaintiff's authorization, and (4) the plaintiff suffered damages as a result.  *Trilogy Software, Inc., v. Callidus Software Inc.*, 143 S.W.3d. 452, 463 (Tex. App. Austin.–2004, pet. denied).  A trade secret is any formula, pattern, device or compilation of information which is used in one's business and presents an opportunity to obtain an advantage over competitors who do not know or use it.  *Phillips v. Frey*, 20 F.3d 628, (5th Cir 1994) (citations omitted); *In re Bass*, 113 S.W.3d 735, 739 (Tex. 2003).  Customer lists, pricing information, client information, customer preferences, buyer contacts, blueprints, marketing strategies, and drawings have all been recognized as trade secrets.  *Global Water Group, Inc. v. Atchley*, 244 S.W.3d 924, 928 (Tex. App.–Dallas 2008, pet. denied).

As part of its trade secret misappropriation claim, WFI alleges that it took appropriate

---

[5] Both GTC and WFI discuss Texas law on trade secret misappropriation in their briefs.

measures to protect its"trade secrets and proprietary information, which included, but was not limited to the concept, design, business model, and marketing" of its "Just Bling" watches, and that GTC misappropriated its trade secrets and proprietary information.  (Compl. at 4-5).  Since Texas law recognizes proprietary information such as marketing strategies and drawings as trade secrets, WFI's factual allegations state a plausible state law claim for misappropriation of trade secrets. *Twombly*, 550 U.S. at 570; *Atchley*, 244 S.W.3d at 928.[6]

GTC asserts that since the misappropriation claim and the unfair competition claims are based on the same factual predicate, the Court should dismiss either the unfair competition claim or the misappropriation claim.  (Mot. at 4-5).  The cases that GTC cites to support this assertion, however, do not require dismissal of either the unfair competition claim or the misappropriation claim simply because they rest on the same factual basis. *See Fast Capital Mktg., LLC. v. Fast Capital LLC*, 2008 U.S. Dist. LEXIS 103988, 27-52 (S.D. Tex. Dec. 24, 2008); *Abernathy-Thomas Eng'g Co. v. Pall Corp.*, 104 F.Supp.2d 582, 599-600 (E.D.N.Y. 2000); *LinkCo, Inc. v. Fujitsu Ltd.*, 230 F.Supp.2d 492, 500 (S.D.N.Y. 2002).  They stand for the proposition that if the two claims rely on the same factual predicate, a court may treat them as a single cause of action and dismiss them in tandem.  *Id.*

---

[6] Whether a trade secret exists is usually a question of fact to be decided by the judge or jury as a factfinder. *Gen. Universal, Sys., Inc. v. Lee*, 379 F.3d 131, 150 (5th Cir. 2004). To determine the existence of a trade secret, a factfinder must examine six relevant but non-exclusive criteria: (1) the extent to which the information is known outside the business; (2) the extent to which it is known by employees and others involved in the business; (3) the extent of measures taken to safeguard the secrecy of the information; (4) the value of the information to him and to his competitors; (5) the amount of effort or money expended in developing the information; and (6) the ease or difficulty with which the information could be properly acquired or duplicated by others. *Id.* (citing *In re Bass*, 113 S.W.3d 735, 740 (Tex. 2003)). "The status of information claimed as a trade secret must be ascertained through a comparative evaluation of all the relevant factors, including the value, secrecy, and definiteness of the information as well as the nature of the defendant's misconduct." *Id.* (citing Restatement (Third) of Unfair Competition, § 39). Since these factors turn on factual considerations gleaned from discovery, and are often difficult, if not futile, to apply in the context of a motion to dismiss, the Court finds it premature to weigh them without discovery. *See Fast Capital Mktg., LLC. v. Fast Capital LLC*, 2008 U.S. Dist. LEXIS 103988, 27-52 (S.D. Tex. Dec. 24, 2008).

In conclusion, GTC's motion to dismiss WFI's claims for unfair competition and trade secret misappropriation should be **DENIED**.

### III.  12(e) MOTION FOR A MORE DEFINITE STATEMENT

As an alternative to its motion to dismiss, GTC moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).  (Mot. at 8).  GTC asserts that WFI has failed to specify the origin of its unfair competition and misappropriation claims as state or federal law, has failed to explain the substance of the trade secret misappropriation and the identity of the trade secret, and has failed to identify the contractual agreement which forms the basis of its misappropriation claim. (Mot. at 8-9).

Rule 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed" if it is "so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P 12(e).  Such a motion "must point out the defects complained of and the details desired."  *Id.*  The relevant facts of a case need not be pled "in intimate detail." *Davenport v. Rodriguez*, 147 F.Supp.2d 630, 639 (S.D. Tex. 2001).  The court should consider a Rule 12(e) motion in conjunction with the liberal notice pleading requirements of Rule 8(a).  *See Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959).  Rule 8(a) requires only that a complaint provide a short and plain statement of the claim showing that the plaintiff is entitled to relief.  Fed. R. Civ. P. 8(a).  To comport with this requirement, the complaint must either provide notice of the circumstances which give rise to the claim, or set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist.  *See General Star Indem. Co. v. Vesta Fire Ins. Co.*, 173 F.3d 946, 951 (5th Cir. 1999).

The question of whether to grant a motion for a more definite statement is within the trial

court's discretion. *Mitchell*, 269 F.2d at 130. "[E]ven though a complaint is not defective for failure to designate the statute or other provision of law violated, the judge may in his discretion, in response to a motion for a more definite statement under Federal Rule of Civil procedure 12(e), require such detail as may be appropriate in the particular case . . ." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

WFI states a claim under Rule 12(b)(6) and meets the liberal notice pleading requirements of Rule 8(a) with respect to its causes of action for unfair competition and misappropriation of trade secrets even though it fails to specify their origin as state or federal law, or statutory or common law. GTC's motion for a more definite statement should therefore be **DENIED**.

### III.  CONCLUSION

Plaintiff/Counter-Defendant's 12(b)(6) motion to dismiss and alternate motion for a more definite statement should be **DENIED**.

**SO RECOMMENDED** on this 14th day of December, 2009.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE