IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GRAND TIME CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. |
| v. | § | |
| | § | 3:08-CV-1770-K |
| WATCH FACTORY | § | |
| CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Grand Time Corporation's ("Grand Time") Motion for Summary Judgment (Doc. No. 209). The Court has considered the motion, response, the evidence submitted by the parties, and the applicable law. In its motion, Grand Time has moved for summary judgment on five of its seven claims: (1) trademark infringement; (2) false designation of origin and false advertising; (3) unfair competition; (4) trade dress infringement; and (5) trademark counterfeiting. Grand Time has demonstrated that no genuine issue of material fact exists as to its claims for trademark infringement, false designation of origin and false advertising, and unfair competition because it owns the trademark "Just Bling" and its associated symbols and Defendant Watch Factory Corporation's ("Watch Factory") use of the mark was likely to cause confusion in the marketplace. Grand Time has failed to established as a matter of law that Watch Factory is liable for trade dress infringement or trademark counterfeiting,

-1-

compensatory damages, enhanced damages under the Lanham Act, attorney's fees, and other requested equitable relief. Therefore, Grand Time's motion for summary judgment is **GRANTED in part** and **DENIED in part**. Grand Time's request for a permanent injunction is **GRANTED**. Grand Time is **ORDERED** to submit a proposed order granting a permanent injunction within twenty (20) days of the date this memorandum opinion and order is signed. All of Watch Factory's Objections to Grand Time's evidence are **OVERRULED**.

Grand Time's claims for trade dress infringement and trademark counterfeiting, along with its claims for tortious interference with contract and fraud, are hereby **SEVERED** pursuant to Federal Rule of Civil Procedure 21. The Clerk is directed to open a new civil action for those four claims and to assign the new action to Judge Ed Kinkeade.

## I.    Background

Grand Time, also doing business as Watch Gallery, is a Texas corporation that, according to its website, "is a manufacturing and holding company active in the design, production, and sale of uniquely crafted timepieces." The website states that four watch brands fall under the Grand Time umbrella, including "Just Bling," which are higher-end, diamond, stainless steel watches. Watch Factory is a Texas corporation in the business of designing, developing, manufacturing, distributing, and selling watches to other watch wholesalers. Grand Time is based in Dallas, Texas and Watch Factory operates out of

Los Angeles County, California. Grand Time ordered "Just Bling" watches from Watch Factory in 2006. Mr. Rafique Budwhani, Watch Factory's president, traveled back and forth to Hong Kong from March to October in 2006, monitoring the manufacturing of the "Just Bling" watches. A parent company of Watch Factory, Prince International, coordinated the manufacturing with a Chinese corporation. The "Just Bling" watches were shipped from Prince International in Hong Kong to Watch Factory in Los Angeles on November 12, 2006. Watch Factory delivered part of the "Just Bling" watch shipment to Grand Time on November 14, 2006 and sold other "Just Bling" watches to wholesaler Fashion Time & Jewelry on November 20, 2006. Grand Time sold watches to internet retailers IcedOutGear.com and Bidz.com on November 15, 2006.

Both companies filed for trademark registration of the "Just Bling" mark in the summer of 2007, Grand Time being the first by approximately one month. After a series of proceedings and appeals, the mark was awarded to Grand Time in May 2008. The parties' business relationship had ended five months earlier, when Grand Time canceled pending orders for "Just Bling" watches in December 2007.

Grand Time filed suit against Watch Factory in October 2008, alleging violations of trademark laws based on Watch Factory's use of "Just Bling" brand watches without Grand Time's consent. Watch Factory asserted counterclaims, largely along the same lines as Grand Time's original claims, in September 2009. Both parties filed motions for summary judgment on Watch Factory's counterclaims in March 2010.

This suit posed a chicken-or-the-egg question: did wholesaler Grand Time design and order "Just Bling" brand watches from manufacturer Watch Factory or did Watch Factory design and market "Just Bling" watches to Grand Time for resale?  In other words, which company owned the "Just Bling" trademark?  The issue was decided in this Court's memorandum opinion and order, filed under seal on August 30, 2010.  *See* Doc. No. 187.  This Court determined that Grand Time had given Watch Factory specifications to manufacture "Just Bling" watches and that, under the law of trademarks, Grand Time was the first of the two to use the "Just Bling" mark in commerce, giving Grand Time ownership of the mark.  *See id*.  A more complete accounting of the facts and reasoning concerning those issues may be found in that opinion.

Having disposed of Watch Factory's counterclaims, Grand Time has now moved for summary judgment on five of its claims: (1) trademark infringement; (2) false designation of origin or sponsorship and false advertising; (3) unfair competition; (4) trade dress infringement; and (5) trademark counterfeiting.  In addition, Grand Time requests enhanced damages and attorney's fees due to Watch Factory's allegedly willful conduct and protection in the form of an accounting, a permanent injunction, and other relief from future actions that may be taken by Watch Factory.

## II.  Summary Judgment Standard

Summary judgment is appropriate when the pleadings, affidavits, and other

summary judgment evidence show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007). The moving party bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 322–25. Once a movant makes a properly supported motion, the burden shifts to the non-movant to show that summary judgment should not be granted; the non-movant may not rest upon the allegations in the pleadings, but must support the response to the motion with summary judgment evidence showing the existence of a genuine fact issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255–57 (1986).

A genuine issue of material fact exists if a reasonable jury could return a verdict for the non-moving party in the face of all evidence presented. *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009). A fact is material if it could affect the outcome of the lawsuit under the governing law. *Id.* All evidence and reasonable inferences must be viewed in the light most favorable to the non-movant. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

## III.   Analysis

Grand Time has asserted a variety of claims against Watch Factory, all arising from Watch Factory's use of the "Just Bling" mark in sales made from 2006 until 2009.

Most of the claims find liability for the same conduct, meaning one action or set of actions may render a party liable on more than one trademark-based claim. *See, e.g., Ky. Fried Chicken Corp. v. Diversified Packaging Corp.*, 549 F.2d 368, 386 (5th Cir. 1977) (trademark infringement and unfair competition). The Court will examine each of Grand Time's causes of action in turn.

A. **Effect of this Court's resolution of the parties' first motions for summary judgment**

As mentioned above, this is not the first motion for summary judgment filed by the parties. This Court's memorandum opinion and order, issued on August 30, 2010, granted Grand Time's motion for partial summary judgment and denied Watch Factory's motion for partial summary judgment. *See* Doc. No. 187. In that opinion, en route to granting Grand Time's motion for summary judgment on Watch Factory's counterclaims, this Court reached several conclusions as a matter of law that bear on this motion: (1) the "Just Bling" trademark is protectable within the meaning of 15 U.S.C. § 1125(a), *id*. at 19–20; (2) the marks used by Grand Time and Watch Factory are not only confusingly similar to each other, they are identical, *id*. at 9; and (3) Grand Time owns the "Just Bling" mark because it gained priority by being the first to use the mark in commerce, *id*. at 16–19. These conclusions are important because they resolve several elements of the causes of action on which Grand Time seeks summary judgment in this motion.

Watch Factory contends that these conclusions are inapplicable to the issues

presented in this motion because they were reached under a different standard, meaning that Grand Time bore a different burden during the parties' first summary judgment skirmish. Resp. at 4. Watch Factory is correct, insofar as the defeat of its own motion for summary judgment is concerned. To defeat Watch Factory's motion for summary judgment on Watch Factory's own claims, Grand Time need only have demonstrated genuine issues of material fact existed that precluded judgment as a matter of law. *Liberty Lobby, Inc.*, 477 U.S. at 255–57.

However, Watch Factory was not the only party that requested judgment on Watch Factory's counterclaims; Grand Time did as well. This Court explicitly granted Grand Time's motion for summary judgment on Watch Factory's counterclaims. *See* Doc. No. 187 at 2. There are two possible paths for securing summary judgment when the non-moving party bears the burden of persuasion at trial, as was the case when Grand Time moved for summary judgment on Watch Factory's counterclaims: (1) the moving party may demonstrate to the court that the non-moving party's evidence is insufficient to establish an essential element of the non-moving party's claim <u>or</u> (2) the moving party may submit affirmative evidence that negates an essential element of the non-moving party's claim . *Celotex*, 477 U.S. at 331 (Brennan, J., dissenting); *see also Conner v. Hoescht Celanese Chemical, Inc.*, 211 F. App'x 257, 259–60 (5th Cir. 2006). Grand Time elected the second path, and this Court concluded that Grand Time had presented sufficient affirmative evidence to negate several essential elements of Watch

Factory's counterclaims as a matter of law, namely that (1) the "Just Bling" trademark is protectable, (2) the marks used by Grand Time and Watch Factory were identical, and (3) Grand Time owned the mark because it had established first use in commerce. That is the same type of proof Grand Time is required to present in this motion. *See Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002) (when movant bears the burden of proof, he must establish all elements as a matter of law). Therefore, the legal conclusions reached in this Court's memorandum opinion and order issued August 30, 2010 may be used to resolve Grand Time's pending motion for summary judgment.

Watch Factory, relying upon its original position on most issues, has submitted no new evidence or arguments that would require this Court to revisit its previous rulings. Although there are several elements of Grand Time's causes of action that still require proof as a matter of law, the three issues listed above are not among them.

### B.    Trademark Infringement

A claim for trademark infringement requires proof that: (1) the disputed trademark is protectable; (2) that it is owned by the plaintiff; and (3) there is a likelihood of confusion between the marks. *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 235–36 (5th Cir. 2010); 15 U.S.C. § 1114(1) (2011). As noted above, this Court has already determined as a matter of law that the "Just Bling" mark is protectable and it is owned by Grand Time. *See* Doc. No. 187 at 16–20. This leaves only the likelihood of confusion between the two marks. "Likelihood of confusion"

means a probability, not a mere possibility, of confusion. *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226–27 (5th Cir. 2009). The following factors are used to evaluate the probability of confusion: (1) the type of trademark; (2) mark similarity; (3) product similarity; (4) outlet and purchaser identity; (5) advertising media identity; (6) defendant's intent; (7) actual confusion; and (8) care exercised by potential purchasers. *Id*. at 227. No one factor is dispositive, and the weight attributed to any one factor may vary from case to case. *Id*.

### 1. Strength of the mark

The first factor refers to the strength of the mark. *Id.* In our case, Watch Factory acknowledges it has not advertised at all. Resp. at 8. On the other hand, Grand Time has aggressively marketed its line of "Just Bling" watches, including over $150,000 in sponsorships of sporting events and concerts. Grand Time App., Exh. G at ¶ 11. The likelihood that products sold by Watch Factory with the "Just Bling" mark would be mistaken for products sold by Grand Time, after Grand Time had heavily advertised its "Just Bling" line, is high. The "Just Bling" mark used by Watch Factory on its products is identical to the one used by Grand Time in its marketing materials. This factor weighs in favor of Grand Time.

### 2. Similarities of the mark, the product, and the customers

The parties agree, and this Court has determined, that the marks used by both parties are not only similar, but identical to each other. Doc. No. 187 at 9. As to

factors three and four, both parties use the mark on watches, which they then sell to retailers for final sale to consumers. The fact that Watch Factory was operating in the same industry and appealing to the same customer base with the same type of product creates a likelihood of confusion. These factors weigh in Grand Time's favor.

### 3. Remaining factors

"Advertising media identity" refers to the medium through which the parties market their products, *Xtreme Lashes*, 576 F.3d at 229, and price is a proxy for the care exercised by potential purchasers, *id*. at 231. While Watch Factory states it does not advertise, it is still promoting its product through a common business channel: word of mouth. Resp. at ¶ 19. Word of mouth concerning Watch Factory's "Just Bling" line of watches among wholesalers and retailers was likely to interfere with Grand Time's marketing efforts. This factor weighs in favor of Grand Time. The high price of these watches, some over $1,000 each, would encourage a close inspection of the product. A discerning consumer, purchasing an expensive item, would be likely to note the manufacturer of the product. This factor weighs in favor of Watch Factory.

The defendant's intent while using the mark and actual confusion that resulted from such use are self-explanatory. *See id.* at 229–30. Watch Factory filed for trademark protection shortly after Grand Time in 2007, sought advice of counsel on legal ownership of the trademark several times, and stopped selling "Just Bling" watches pending the outcome of this case. Doc. No. 187 at 4; Watch Factory App., Exh. BB at

¶ 9–13.  There appears to be no malicious intent by Watch Factory to usurp the "Just Bling" trademark.  A lack of intent to infringe weighs in Watch Factory's favor.

Watch Factory argues that Grand Time has presented no evidence of actual confusion.  However, it is well-established that evidence of actual confusion is not necessary to establish likelihood of confusion.  *Bd. of Supervisors for La. State Univ. Agric. & Mech. Coll. v. Smack Apparel Co.*, 550 F.3d 465, 483 (2008).  This factor is neutral.

The final tally is five factors in favor of Grand Time, two for Watch Factory, and one for neither.  These considerations lead this Court to conclude that there is a likelihood of confusion between the two marks.  Grand Time has established as a matter of law each element of its trademark infringement claim and summary judgment is appropriate.

### C.  False Designation of Origin or Sponsorship and False Advertising

Grand Time asserts a cause of action under 15 U.S.C. § 1125(a) for false designation of origin or sponsorship and false advertising.  In *Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 495 (5th Cir. 2000), the Fifth Circuit stated that section 43(a) of the Lanham Act, codified at 15 U.S.C. § 1125, protects against a "myriad of deceptive commercial practices, including false advertising."  The Fifth Circuit applies the same five factor test for both false designation and false advertising cases.  *Pizza Hut*, 227 F.3d at 495 (5th Cir. 2000).  A *prima facie* case for false designation or false advertising requires: (1) a false or misleading statement of fact about a product; (2) that

the statement deceived or had the capacity to deceive a substantial segment of customers; (3) the deception was material, meaning it was likely to influence purchasing decisions; (4) the product was in interstate commerce; and (5) the plaintiff was injured by the statement. *Id*.; *see also* 5 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 27:24 (4th ed. 2010) ("McCarthy"). A false designation of origin case is often one of "passing off" or "reverse passing off," meaning the defendant had either sold its product under the name of a competitor or had sold a competitor's product under the defendant's trade name and dress. *Hearthbrand Beef, Inc. v. Lobel's of New York, LLC*, No. V-08-62, 2009 WL 311087, *2 (S.D. Tex. Feb. 5, 2009).

Here, Watch Factory admittedly sold "Just Bling" watches to multiple customers in interstate commerce. Resp. at 13–14. This meant Watch Factory was selling its products under the trade name and dress of a competitor, namely Grand Time. Grand Time was the company aggressively marketing "Just Bling" watches, and Watch Factory took advantage of the demand this created. Grand Time App., Exh. G at ¶ 11 ($150,000 spent on marketing and branding). This required Watch Factory to make false statements about the product that deceived or had the capacity to deceive its customers in a material way. These statements, falsely indicating to customers that the watches Watch Factory sold were from the same company that was aggressively marketing the "Just Bling" line, injured Grand Time by potentially diverting sales. *See* 5 McCarthy at § 27:31 (courts should grant injunctions, even when the likelihood of provable impact

to the plaintiff is slight, because Congressional policy encourages protecting consumer rights).

Grand Time has established each element of false designation of origin or sponsorship and false advertising as a matter of law: Watch Factory made a misleading statement of fact about its product which materially deceived or had the capacity to materially deceive a substantial segment of consumers in interstate commerce, which harmed Grand Time. Therefore, summary judgment on this claim is appropriate.

### D.     Unfair Competition

A plaintiff can bring a federal unfair competition claim under § 43(a) of the Lanham Act. 15 U.S.C. § 1125; *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 28–29 (2003). To state such a claim, a plaintiff must allege that (1) he had valid ownership of a mark and (2) that the defendant's use of the mark in commerce creates a likelihood of confusion as to the origin, sponsorship, or affiliation of his goods. *Lonestar Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 106 F.3d 355, 358 (11th Cir. 1997). The same "likelihood of confusion" test may be used for unfair competition claims brought under the Lanham Act as for trademark infringement claims. *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 780–81 (1992) (Stevens, J., concurring) ("whether we call a violation infringement, unfair competition, or false designation of origin, the test is identical—is there a likelihood of confusion?"). Though unfair competition claims may be brought under both federal and state law, *see Blue Bell Bio-*

*Medical v. Cin-Bad, Inc.*, 864 F.2d 1253, 1259–60 (5th Cir. 1989), Grand Time has only asserted a federal claim. *See* Grand Time's Second Amended Complaint at ¶ 67–70, Doc. No. 76.

As discussed above, Grand Time has established as a matter of law that it is the valid owner of the "Just Bling" mark and a likelihood of confusion existed in the marketplace between the parties' products. Therefore, all of the elements of Grand Time's unfair competition claim are met and summary judgment is appropriate.

Watch Factory argues there are still fact issues concerning Grand Time's ownership of the mark. Specifically, Watch Factory asserts that Grand Time's first use of the mark in commerce, Grand Time's sales of "Just Bling" watches on November 15, 2006 to IcedOutGear.com and Bidz.com, were "samples" and not truly orders. Resp. at 20. "To acquire trademark rights, there must be an 'open' use . . . [one] made to the relevant class of purchasers or prospective purchasers since a trademark is intended to identify goods. . . ." *Blue Bell, Inc. v. Farah Mfg. Co., Inc.*, 508 F.2d 1260, 1266 (5th Cir. 1975) (citation omitted). "[E]ven a single use in trade may sustain trademark rights if followed by continuous commercial utilization." *Id*. at 1265 (citation omitted). Grand Time received over $500 for its "sample" shipments to IcedOutGear.com and Bidz.com on November 15, 2006. Grand Time App., Exh. G at 6–7. Watch Factory has cited no authority that sets a minimum amount of currency that must be exchanged to invoke trademark protection. Grand Time's sales to IcedOutGear.com and Bidz.com constitute

first use in commerce, giving Grand Time priority in the "Just Bling" mark and therefore valid ownership under federal trademark law.

### E.    Trade Dress Infringement

Trade dress, traditionally, means "the overall appearance of labels, wrappers, and containers used in packaging a product." 1 McCarthy at § 8:1. This circuit has defined "trade dress" as "the design or packaging of a product which serves to identify the product's source." *Eppendorf-Netheler-Hinz GMBH v. Ritter GMBH*, 289 F.3d 351, 354–55 (5th Cir. 2002). A claim for trade dress infringement consists of: (1) the trade dress is protectable, meaning it is inherently distinctive or has acquired secondary meaning; (2) the defendant's trade dress creates a likelihood of confusion; and (3) if the trade dress is not registered, the plaintiff must prove the trade dress is non-functional. 4 McCarthy at § 8:1; *see also Lady Primrose's, Inc. v. After Hours Bath Products, Inc.*, 211 F.3d 125, *2 (2000).

The only actions cited by Grand Time as trade dress infringement are Watch Factory's use of manufacturer codes and model numbers on invoices to customers. Examples include "JB-786-001," which Grand Time argues misrepresented the source of the watches. An action for trade dress infringement deals primarily with a product's appearance or its presentation through packaging, not its model numbers. *See, e.g., Nabisco, Inc. v. PF Brands, Inc.*, 50 F. Supp. 2d 188 (S.D.N.Y. 1999) (concerning the shape of Goldfish brand crackers); *Nova Wines, Inc. v. Adler Fels Winery, LLC*, 467 F.

Supp. 2d 965, 983 (N.D. Cal. 2003) (the use of an image of Marilyn Monroe on wine bottles constituted protectable trade dress). Model numbers do not fall into the same category as the shape of a product or images used in packaging. Grand Time has not met its burden to prove trade dress infringement as a matter of law.

F.       Counterfeiting

A claim for trademark counterfeiting under the Lanham Act consists of: (1) trademark infringement under 15 U.S.C. § 1114(a) and (2) intentional use of the trademark, knowing it was counterfeit. 15 U.S.C. § 1116(d) (2011); *Babbit Elec., Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1181 (11th Cir. 1994).

While Grand Time has proved trademark infringement due to Watch Factory's use of the "Just Bling" trademark, there has been no showing that Watch Factory knew its "Just Bling" mark was counterfeit. In fact, the opposite has been established by the evidence: (1) Watch Factory consulted three lawyers for opinions on ownership of the mark, Watch Factory App. at 387–434; (2) Watch Factory filed for trademark registration with the United States Patent and Trademark Office, *id*. at 391–96; and (3) Watch Factory ceased selling "Just Bling" watches pending the outcome of this suit, *id*. at 381, ¶ 13.

Grand Time has not demonstrated, as a matter of law, that Watch Factory acted intentionally, knowing the mark Watch Factory used was counterfeit. At a minimum, fact questions remain that preclude summary judgment. Grand Time's motion for

summary judgment on its trademark counterfeiting claim is denied.

## G. Remedies Requested by Grand Time

Grand Time has established Watch Factory is liable for trademark infringement, false designation of origin and false advertising, and unfair competition. Remedies for trademark infringement include injunctive relief (15 U.S.C. § 1116), damages, costs, attorney's fees (15 U.S.C. § 1117), and destruction of infringing articles (15 U.S.C. § 1118). *Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 369 (5th Cir. 2000). Plaintiffs may look to the same remedies for false designation and false advertising cases. *See* 15 U.S.C. § 1125(c)(5) (2011). In short, Grand Time has a single set of remedies for all of the causes of action it asserted: compensatory damages, enhanced damages, attorney's fees, and injunctive relief.

Remedies, especially money damages, are not a foregone conclusion once liability for trademark infringement and related claims is established. *Seatrax*, 200 F.3d at 369. The policy goal of these remedies is to achieve equity between or among the parties. *Seatrax*, 200 F.3d at 369. In fashioning remedies, legal determinations of liability are not dispositive; a case-by-case evaluation of the infringing conduct and the adverse effects, if any, to the plaintiff is required. *Id*. An injunction alone can, under appropriate circumstances, fully satisfy the equities of a given case, particularly in the absence of wrongful intent. *Seatrax*, 200 F.3d at 369 (citing *Bandag, Inc. v. Al Bolser's Tire Stores, Inc.*, 750 F.2d 903, 917 (Fed. Cir. 1984)).

### 1.    Compensatory Damages

An accounting of profits, or what the defendant made as a result of the infringing conduct, may be ordered by the district court upon a finding of liability. *Seatrax*, 200 F.3d at 369. Factors to consider include: (1) the defendant's intent; (2) whether sales had been diverted; (3) the adequacy of other remedies; (4) any unreasonable delay by the plaintiff in asserting its rights; (5) the public interest in making such conduct unprofitable; and (6) whether this is a case of palming off. *Rolex Watch USA, Inc. v. Meece*, 158 F.3d 816, 823 (5th Cir. 1998).

In addition to the reservations this Court has as to awarding damages to Grand Time for sales made by Watch Factory while ownership of the "Just Bling" mark was still in dispute, there are factual issues that Watch Factory has raised concerning the amount of possible damages. *See* Resp. at 13–15 (disputing the total sales, credits due to product returns, and total costs to Watch Factory).

Fact issues also remain concerning Grand Time's request for damages to restore its "Just Bling" mark. *See* Resp. at 38–43. Watch Factory has challenged the basis for these damages and the amount claimed. *Id*. For these reasons, summary judgment on all requests for compensatory damages is denied.

### 2.    Request for Enhanced Damages and Attorney's Fees

Grand Time requests enhanced damages under 15 U.S.C. § 1117, available when a defendant acts intentionally, willfully, or fraudulently. *See Taco Cabana Int'l, Inc. v.*

*Two Pesos, Inc.*, 932 F.2d 1113, 1127 (5th Cir. 1991), *aff'd* 505 U.S. 763 (1992). Enhancement of damages under this provision is committed to the district court's discretion. *Id*. Attorney's fees are available in "exceptional cases," a standard similar, but not identical to, willful, deliberate, or fraudulent conduct. *Id*. Conscious, good faith efforts by the defendant may render a case "unexceptional." *Id*.

As discussed above, Watch Factory has presented evidence that it believed it was the true owner of the "Just Bling" mark: consultations with several attorneys and the pursuit of trademark registration through proceedings and appeals with the U.S. Patent and Trademark Office. This evidence does not support a finding that Watch Factory acted intentionally, willfully, or fraudulently. Grand Time has failed to establish its right to enhanced damages or attorney's fees as a matter of law. As such, summary judgment on both remedies is denied.

### 3. Request for Accounting, Request for Turn Over, and Request to Hold Harmless

Grand Time requests that Watch Factory be ordered to produce an accounting of all "Just Bling" watch sales, to turn over any "Just Bling" watches in Watch Factory's possession, and to indemnify and hold harmless Grand Time for sales of "Just Bling" watches by Watch Factory. Grand Time cites no authority for this Court to order any of these actions. Presumably, Grand Time is relying upon this Court's equitable powers to fashion appropriate remedies in each case. *Seatrax*, 200 F.3d at 369.

Given that no compensatory or enhanced damages were awarded, it seems

unnecessary to compel Watch Factory to produce its records for all past "Just Bling" sales; such information would only be useful for calculating damages. An order requiring Watch Factory to turn over any watches bearing the mark "Just Bling" is not fair and equitable, considering the business history of these companies. The reason Watch Factory is in possession of any "Just Bling" watches is due to Grand Time's cancellation of pending orders for watches from Watch Factory. Ordering Watch Factory to turn over these watches would result in a windfall for Grand Time, which would acquire the watches it ordered without paying for them. Finally, Grand Time has pointed this Court to little evidence it has been contacted or requested to repair "Just Bling" watches sold by Watch Factory. An order for Watch Factory to hold Grand Time harmless for these sales is therefore unnecessary and inequitable.

### 4. Permanent Injunction

A permanent injunction is available to prevent future trademark violations under 15 U.S.C. § 1116. A plaintiff must show: (1) the mark is eligible for protection; (2) the plaintiff is the senior user of the mark; (3) there is a likelihood of confusion between the plaintiff's mark and that of the defendant's and (4) the likelihood of confusion will cause irreparable injury for which there is no adequate legal remedy. *See Paulsson Geophysical Serv., Inc. v. Sigmar*, 529 F.3d 303, 309 (5th Cir. 2008); *see also Thompson v. Thompson Air Conditioning and Heating, Inc.*, 884 S.W.2d 555, 558 (Tex. App.—Texarkana 1994, no writ). Whether or not to grant an injunction, and the scope of any injunction, is within

the sound discretion of the trial court. *Frostie Co. v. Dr. Pepper Co.*, 361 F.2d 124, 126–27 (5th Cir. 1966).

Grand Time has established the first three elements, as described earlier in this opinion. Watch Factory argues there is no threat of irreparable injury because it stopped selling "Just Bling" watches almost two years ago and has done nothing to market or sell the products since that time. Be that as it may, nothing prevents Watch Factory from resuming sales of "Just Bling" watches in the future: Watch Factory admits it still has possession of hundreds of "Just Bling" watches and access to the overseas manufacturers that created the watches initially. An injunction achieves the dual purposes of preventing future infringement while avoiding costly penalties to Watch Factory for actions taken while ownership of the "Just Bling" mark was still in dispute.

Grand Time has established as a matter of the law the requirements for a permanent injunction under 15 U.S.C. § 1116, and this Court in its discretion has determined a permanent injunction is fair and equitable. An order will issue with the terms of the injunction.

### G.     Watch Factory's Objections to Grand Time's Evidence

Watch Factory objects to multiple pieces of evidence submitted by Grand Time. Each objection will be considered in turn.

#### 1.     Invoices

Watch Factory objects to both invoices Watch Factory had sent to other

customers, Grand Time App., Exh. A, and invoices Watch Factory had sent to Grand Time, *id*., Exh. H. Neither exhibit was considered by the Court. These objections are **OVERRULED as moot**.

### 2. Affidavit of Shabeena Meghani

Watch Factory objects to the affidavits of Shabeena Meghani on multiple grounds: (1) lack of personal knowledge; (2) on the basis of its self-serving nature; (3) that Ms. Meghani is an interested witness; (4) that it consists of conclusory allegations, speculation, and unsubstantiated assertions; (5) that it contains hearsay; and (6) that it contains legal conclusions.

An affidavit "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." FED. R. CIV. P. 56(e)(1). Ms. Meghani specifically states that she is "fully competent to make this [a]ffidavit" and that "[e]ach of the facts stated herein is within my personal knowledge and is true and correct." Grand Time App., Ex. B ¶ 1. Thus, Rule 56's requirement that the affidavit must be made on personal knowledge is fulfilled by Ms. Meghani's testimony swearing she is making the affidavit on personal knowledge. Ms. Meghani also testifies, "I am the Corporate Representative for Grand Time Corporation in the aforementioned lawsuit." *Id*. at ¶ 2. Because each of the requirements for an admissible affidavit has been fully satisfied, Watch Factory's objection as to lack of personal knowledge is **OVERRULED.**

Watch Factory argues that Ms. Meghani's affidavit is self-serving and therefore incompetent and cites this Court to *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001) and *BMG Music v. Martinez*, 74 F.3d 87, 91 (5th Cir. 1996). However, those cases only state single, self-serving affidavits are insufficient to withstand motions for summary judgment. First, Grand Time is not offering Ms. Meghani's affidavit to defeat a motion for summary judgment, it is being offered in support of one. Second, Grand Time has submitted many other exhibits in support of its motion. *See* Grand Time App., Exh. A–I. Ms. Meghani's affidavit is not free-standing. This objection is **OVERRULED**.

Watch Factory objects to Ms. Meghani's affidavit as that of an interested witness and cites *Douglass v. United. Serv. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996). The *Douglass* opinion does not use the phrase "interested witness," though it does allude to the insufficiency of a non-movant's affidavit, on its own, to withstand a motion for summary judgment. *Id*. at 1430. As with Watch Factory's self-serving objection, that is not the situation presented here. Watch Factory's interested witness objection is **OVERRULED**.

Watch Factory objects that Ms. Meghani's affidavit is conclusory and unsubstantiated and cites *Marshal v. E. Carroll Parish Hosp. Serv. Dist.*, 134 F.3d 319, 324 (5th Cir. 1998) and *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). Again, the Fifth Circuit was referring in those opinions to a non-movant's sole reliance on speculative affidavits to defeat summary judgment. Watch Factory's objection is

**OVERRULED**.

Watch Factory objects that paragraphs 3–8 of Ms. Meghani's affidavit contains hearsay. Resp. at 42. The Court did not rely upon any statements made in those paragraphs in arriving at its decision. Therefore, Watch Factory's objections based on hearsay are **OVERRULED as moot**.

Watch Factory objects that Ms. Meghani's statement "[Grand Time] is the first to use the mark in commerce, and is the only entity known by the end user for warranty and support" is a legal conclusion. This Court is confident in its ability to rely solely on its own prior determination, issued on August 30, 2010 in a memorandum opinion and order, that Grand Time was the first party to use the "Just Bling" mark in commerce. Because this Court did not rely on that statement in arriving at its decision, the objection is **OVERRULED as moot**.

### 3. United States Patent and Trademark Office filings and Attachments to Shabeena Meghani's Affidavit

Watch Factory objects to Grand Time's use of Patent and Trademark Office filings and certain attachments to Ms. Meghani's affidavit because they are not authenticated. Resp. at 45–49. Unauthenticated documents that may be readily authenticated through evidence at trial are proper summary judgment evidence. *See McMillan v. Johnson*, 88 F.3d 1573, 1584 (11th Cir. 1996); *see also Mackey v. Owens*, 182 F.3d 915, *2 (5th Cir. 1999). Watch Factory has not suggested any of these documents would be impossible to authenticate at trial. As such, these objections are

**OVERRULED**.

## IV.  Conclusion

Grand Time's motion for summary judgment on its claims for trademark infringement, false designation of origin or sponsorship and false advertising, and unfair competition are **GRANTED** and Grand Time's motion on its claims for trade dress infringement and trademark counterfeiting are **DENIED**.  Grand Time's motion for summary judgment on its requests for compensatory damages, enhanced damages, attorney's fees, and other relief is **DENIED**.  Grand Time's motion for summary judgment on its request for a permanent injunction is **GRANTED**.  Grand Time is **ORDERED** to submit a proposed order granting a permanent injunction within twenty (20) days of the date this memorandum opinion and order is signed.  All of Watch Factory's Objections to Grand Time's evidence are **OVERRULED.**

Both Grand Time's claims for trade dress infringement and trademark counterfeiting, as well as its claims for tortious interference with contract and fraud, are hereby **SEVERED** pursuant to Federal Rule of Civil Procedure 21.  The Clerk is directed to open a new civil action for those four claims and to assign the new action to Judge Ed Kinkeade.

With the severance of Grand Time's trade dress infringement, trademark counterfeiting, tortious interference with contract, and fraud claims into a new civil action, the only remaining issues in this case are the remedies that were denied in this

opinion: Grand Time's request for compensatory damages, enhanced damages, attorney's fees, and other equitable relief.  Once these issues are resolved, either by withdrawal or voluntary dismissal by Grand Time, judgment as a matter of law, or trial, this case will be ready for final judgment and possible appeal.  Grand Time is **ORDERED** to notify the Court of its decision to either pursue or not pursue its remaining remedies on its trademark infringement, false designation of origin or sponsorship and false advertising, and unfair competition claims no later than **seven (7) days** after the date this order is signed.  The parties are advised to consider all of their options in light of this opinion.

    **SO ORDERED**.

    Signed June 10th, 2011.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE